IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>RICHARD COSTANZO,<br><br>               Defendant. | 8:10CR425<br>8:10CR146<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Richard Costanzo's Motions for Return of Property. Motion, Filing No. 64; Filing No. 66.[1] Costanzo operated an escort business in Omaha, Nebraska, and Council Bluffs, Iowa, facilitating and promoting the prostitution of his employees. Superseding Indictment, 8:10CR146 Filing No. 31. Costanzo pleaded guilty to conspiracy, two counts of using a facility of interstate commerce to promote prostitution, two counts of transportation with the intent to promote prostitution, two counts of money laundering, and one count of witness tampering. Plea Hearing, Filing No. 37.

The court held a hearing on this matter on July 18, 2013. Return of Property Hearing, Filing No. 101. The government agrees to return some of the items listed in Costanzo's motion. Affidavit of Special Agent Michelle Neily, Filing No. 68-1. The government categorized the items into the following groups: (1) contraband and derivative contraband not returnable to the defendant, (2) items to which others may have a claim of ownership, (3) firearms and ammunition, (4) items already returned or forfeited, (5) items already released, and (6) items to be released after sorting.

---

[1] Citations refer to case number 8:10CR425 unless otherwise noted.

Costanzo objects the government's retention of the majority of the items. Objections, Filing No. 72. The defendant argues that: (1) many of the items identified as derivative contraband are innocuous, (2) he is the rightful owner of the family photographs and home movies that the government claims his family members co-own, (3) he has a right to direct the disposition of his firearms, and (4) he never received a number of the items marked returned. *Id.*

I. **Disposition of items designated contraband and derivative contraband.**

Derivative contraband is property that a person may legally own; however, it became forfeitable because the defendant used it unlawfully. *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (citations omitted). For example, courts have classified a cell phone and photographs used to promote prostitution as derivative contraband. *United States v. Bailey*, Crim. No. 03-370, 2009 WL 4730766, at *2 (D. Minn. Dec. 4, 2009), *aff'd in part, rev'd in part*, 407 Fed. Appx. 74 (8th Cir. 2011) (agreeing with the district court's determination that cell phone and photographs were derivative contraband).

The government identified Costanzo's escort business records and photographs of the escorts as derivative contraband. Affidavit of Special Agent Michelle Neily, Filing No. 68-1. Costanzo contends he needs these records for a tax matter. Objections, Filing No. 72 at 14.

Any photographs taken of women to promote prostitution constitute derivative contraband. See *Bailey*, 2009 WL 4730766, at *2. The government is not required to return these items. Also, the government cannot return any CDs or floppy disks

2

containing a mixture of innocuous material and derivative contraband because of the technical impossibility of separating the content.

However, the government has not yet presented the court with complete information on the volume and content of the sixteen sets of items identified as "Escort business records." The court cannot determine whether these records constitute derivative contraband, or if the defendant requires them for tax purposes. Therefore, the government must submit general, brief descriptions of these items to the court.

II.     **Disposition of items for which ownership is questioned.**

The government states it cannot release several items because another person may have a right to ownership of them. Affidavit of Special Agent Michelle Neily, Filing No. 68-1 at 3. Family photographs and home videos make up the majority of these items. See Filing No. 68-1. "Since [the defendant's family members] are depicted along with the Defendant, each is at least a co-owner of the videos or has a co-equal right to possess them." Filing No. 68-1 at 3.

The FBI seized these items from the defendant's residence. Response to Motion, Filing No. 67. To the court's knowledge, no person has attempted to claim a superior right of ownership in these items. The court sees no reason why the defendant's personal family photographs and home videos should not be returned to him.

III.    **Disposition of the defendant's firearms and ammunition.**

Costanzo argues he has a right to designate a third party to take seized firearms, or a right to receive proceeds from the sale of his firearms. Under 18 U.S.C. § 922(g), the defendant cannot possess or constructively possess these because he is a

convicted felon. *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000). Allowing Costanzo to designate a third party to receive the firearms would amount to constructive possession. *Felici*, 208 F.3d at 670.

Neither the Supreme Court of the United States, nor the United States Court of Appeals for the Eighth Circuit has decided a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure with these particular facts. However, in *Felici*, the Eighth Circuit determined that a defendant, who had unlawfully possessed firearms prior to his conviction, could not receive the guns or designate a recipient of them. *Id.* The United States Court of Appeals for the Eleventh Circuit ruled that, based on *Felici*, a defendant who had legally owned guns could not place them in a trust or receive proceeds from their sale in a Rule 41(g) action. *United States v. Howell*, 425 F.3d 971, 976-77 (11th Cir. 2005).

The court finds that under the Eighth Circuit and Eleventh Circuit precedents, allowing the defendant to direct the sale of firearms amounts to constructive possession. Furthermore, as a matter of public policy the court should not order the United States government to sell firearms that may be used to commit future crimes. Therefore, the court denies the defendant's motion with respect to the firearms and ammunition.

### IV.     Items allegedly not returned.

Costanzo claims he never actually received some items the government allegedly returned. Objections, Filing No. 72 at 15. The defendant argues the rule in *United States v. Bailey*, 407 Fed. Appx 74 (8th Cir. 2011) requires the court to investigate the location of these items. *Id.* However, in *Bailey*, the government

4

provided no evidence to support the claim that it released the property. *Bailey, 407 Fed. Appx. at 75* ("[(]because the court received no evidence regarding government's possession of property; arguments in government brief, unsupported by documentary evidence, are not evidence. Under these circumstances, the district court should have conducted an evidentiary hearing to determine the current possessor"). In this case, the government has provided copies of Receipts for Property Returned, signed by the defendant. Affidavit of Special Agent Michelle Neily, Filing No. 68-1 at 13-16. Costanzo confirms that his signature appears on the receipts. Return of Property Hearing, Filing No. 101. The court finds the government met its burden, and that it actually returned the disputed items.

**V.   Conclusion.**

The government must release the following items: (1) items 14c1, 23, 28, 29, 30, 33b, 33c, 45, 53, 60a, and 63, (2) hard copy and digitally formatted videos and images of the defendant's family, and (3) items marked "Property to be released after sorting," once the government has removed contraband and derivative contraband as described *supra* in Part I.

The government shall release these items to Costanzo's sister and attorney-in-fact:

> Tammie Kervzis
> (402) 297-4294
> 21002 Treasure Island Road
> Plattsmouth, NE 68046

The government cannot return the following items to the defendant: (1) items designated "Contraband and derivative contraband" with the exception of items 1, 6, 8, 9, 10, 25, 26, 40, 42, 44 seized from the defendant's residence, and items 1, 2, 5, 6, 7,

5

8 seized from the defendant's storage unit, and (2) firearms and ammunition. The court will determine the disposition of the remaining property after receiving further information from the government.

THEREFORE, IT IS ORDERED:

1. The government shall submit brief descriptions of the volume and content of the escort business records in writing on or before August 12, 2013.

2. The government shall release the items listed above to Tammie Kervzis. Within 30 days from the date of this order, the government and Kervzis shall make arrangements for the specific place and time for the release of these items. The items shall be released within 90 days from the date of this order.

3. The defendant's Motions for Return of Property (Filing No. 64 and Filing No. 66 at 8:10CR425 and Filing No. 322 and Filing No. 324 at 8:10CR146) and the defendant's Objections to the Government's Response (Filing No. 72 at 8:10CR425 and Filing No. 332 at 8:10CR146) are denied in part and granted in part in accordance with this order.

Dated this 1st day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon  
United States District Judge